Pfeifer, J.,
dissenting.
{¶ 46} A police officer spends a large percentage of his time in his cruiser without sovereign-immunity protection for his employer. When officers are on routine patrol, transporting suspects, or returning to the police station, their “political subdivisions are hable for injury, death, or loss to person or property” caused by the officers’ negligent operation of their motor vehicles. R.C. 2744.02(B)(1). The General Assembly has carved out only limited circumstances — emergencies—when political subdivisions enjoy sovereign immunity when their police officers drive negligently. R.C. 2744.02(B)(1)(a). I would hold that Officer Carpenter’s well-intentioned foray outside his jurisdiction is included in that broad category of police work that is not contained within the narrow exception to liability. The term “emergency” cannot be used to describe a situation in which a police officer has no actual duty to respond, has no authority to make an arrest, and does not demonstrate to other drivers that he is responding to an emergency, i.e. does not use lights and sirens.
{¶ 47} In this case, this court tells citizens harmed in an accident allegedly caused by the negligent driving of a police officer while outside his jurisdiction that they cannot recover damages from the officer’s employer. Yet at the place where the accident occurred, that same officer would have no authority to cite those citizens for so much as a muffler violation and would be under no duty to help them if they were in a dangerous situation. I have long argued that sovereign immunity is unconstitutional. Garrett v. Sandusky (1994), 68 Ohio St.3d 139, 144, 624 N.E.2d 704 (Pfeifer, J., concurring). I have accepted that that is a losing battle. But can we at least agree that the sovereign has no immunity where it is not the sovereign?